Alexis Galindo (State Bar No. 136643)
  *agalindo@cgsattys.com*
Maximiliano Galindo (State Bar No. 328187)
  *mgalindo@cgsattys.com*
**CURD GALINDO & SMITH LLP**
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:    (562) 624-1178

<u>Attorneys for Plaintiff</u>
JOSE GARIBO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARIBO, Individually,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF SAN BERNARDINO, a public entity, IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, JOE LUCERO, DOES 1 through 10, Jointly and Severally,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES,**<br><br>1. Violation of Civil Rights (42 U.S.C. § 1983)<br>2. Monell Claim (42 U.S.C. § 1983)<br>3. Excessive Force (42 U.S.C. § 1983)<br>4. Supervisor Liability (42 U.S.C. § 1983)<br>5. Bane Act (Cal. Civ. Code § 52.1)<br>6. Negligence<br>7. Assault & Battery |

COMPLAINT AND JURY DEMAND

1

Plaintiff, by and through his attorneys CURD, GALINDO & SMITH LLP, for his Complaint against Defendants, state as follows:

## JURISDICTION AND VENUE

1.      This is a civil rights action arising from Defendants' use of excessive force, assault, battery, negligence, and false police reporting resulting in the beating of and broken right arm of Jose Garibo, on April 18, 2021, in San Bernardino, COUNTY OF SAN BERNARDINO, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

Venue is proper in this Court under 28 USC §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, which is in the Central District of California.

## PARTIES AND PROCEDURE

2.      Plaintiff JOSE GARIBO brings these claims individually.  JOSE GARIBO is a resident of California and is entitled to bring these claims individually.

3.     Defendant CITY OF SAN BERNARDINO is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the CITY OF SAN BERNARDINO POLICE DEPARTMENT ("SBPD") which employs other defendants in this action.

4.     Defendant Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO at all material times were employed as law enforcement officers by Defendant CITY OF SAN BERNARDINO, and were acting within the course and scope of that employment.  Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO are being sued in their individual capacities.

5.     Defendants Police Officers DOE 1 through DOE 10 at all material times were employed as law enforcement officers by Defendant CITY OF SAN BERNARDINO, and were acting within the course and scope of that employment. Defendants DOE 1 through DOE 10 are being sued in his/her individual capacity.

6.     Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

7.     Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harms.

8.     The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the CITY OF SAN BERNARDINO POLICE DEPARTMENT ("SBPD").

9.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

10.     On October 12, 2021, a proper and timely tort claim was presented to the CITY OF SAN BERNARDINO on behalf of Plaintiff, JOSE GARIBO, pursuant to Government Code § 910 et seq., and this action was thereafter timely filed within all applicable statutes of limitation.  The claims were denied on December 7, 2021.

11.     This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

### PRELIMINARY ALLEGATIONS

12.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

13.     The San Bernardino Police Department, through its officers' repeated conduct, has a longstanding history and practice of using excessive force against individuals during arrests and detentions, which has effectively become the Department's standard operating procedure.  Even as of January 1, 2016, over six years ago, the City of San Bernardino faced one hundred and nine (109) lawsuits related to the City's police officers' use of excessive force.  The number of incidents and lawsuits involving San Bernardino Police officers' use of excessive force against individuals has since continued to grow.

14.     On or about May 6, 2016, San Bernardino Police Officers attempted to conduct a traffic stop of Richard Osaki, who was driving his vehicle. Osaki failed to yield to officers but stopped his vehicle and ran away from officers on foot.  As Osaki was being pursued by at least five San Bernardino Police Officers, one of which was Defendant IMRAN AHMED, Osaki hid in a trash can, which the officers tipped over causing Osaki to fall out.  The pursuing officers, including Defendant IMRAN AHMED, began kicking, punching, and striking Osaki with their batons, even though Osaki did not resist the officer's arrest at this point, and even though Osaki posed no immediate or significant threat to the officers' safety or the public.  During this beating of Osaki by the officers, and while Osaki was on the ground, Defendant

AHMED deployed his taser on Osaki, using both the dart and dry stun mode.  The ranking sergeant on scene, Sgt. Schuelke, not only failed to intervene and stop this excessive use of force against Osaki, but actively supervised and ordered the San Bernardino officers, including Defendant AHMED, to continue and partake in beating Osaki.  As a result of AHMED's and the other officers' beating of Osaki, Osaki suffered multiple fractures to his face and right hand, as well as bruising, taser burns, and lacerations.  Osaki also underwent surgery to repair his fractured orbital bone.

15.     On or about April 18, 2021, in the CITY OF SAN BERNARDINO, San Bernardino Police Officers saw Plaintiff, JOSE GARIBO, exit the back seat of a vehicle that was involved in a traffic stop and run away.  Plaintiff was then seen entering the backyard of a private residence located at 1436 Valencia Avenue, San Bernardino, California, and San Bernardino Police personnel were called.

16.     Defendant police officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO responded to the call and arrived at the subject residence at about 6:29 PM.  The Defendant officers' response to the call was captured by their department issued body-worn-cameras.  Defendant police officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO entered through the front door of the subject residence, with firearms drawn, and walked through the house to the backyard of the residence where they saw Plaintiff, JOSE GARIBO, standing under a tree. Upon first seeing GARIBO under the tree,

Defendant Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO gave GARIBO commands to get on the ground and to show his hands.  As Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO approached GARIBO with their firearms drawn, GARIBO followed the Defendant officers' commands and placed himself in a submissive position by getting down on his knees, putting his face down to the ground, and outstretching his arms to either side.  At this time, the Defendant officers could see that GARIBO's left arm was wrapped in a white cast.   The Defendant police officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO saw that JOSE GARIBO followed their commands and they holstered their firearms.

17.     As the Defendant officers approached JOSE GARIBO, GARIBO moved his arms behind his back and surrendered to the Defendant officers, posing no threat to the Defendant officers' safety or the public.  Defendant Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO then jumped on GARIBO and began striking GARIBO's head and torso with punches and kicks, without provocation or just cause.  Defendant IMRAN AHMED, the ranking sergeant on scene, held down JOSE GARIBO's legs as Defendant Officers PAULINA ZAMORA and JOE LUCERO continued to strike JOSE GARIBO's torso and head. While AHMED was holding GARIBO's body down, and ZAMORA and LUCERO continued to strike GARIBO, Defendant KEVIN RAMIREZ violently twisted

GARIBO's right arm behind GARIBO's back, snapping his right humerus. After snapping GARIBO's right arm, Defendant Officers placed JOSE GARIBO in handcuffs. Defendant IMRAN AHMED gave JOSE GARIBO commands to stop kicking and then kicked GARIBO while he was on the ground in handcuffs and writhing and screaming in pain. Defendant IMRAN AHMED then picked up GARIBO by his shirt and dragged GARIBO through the backyard until GARIBO was able to get on his feet. Defendant Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO used excessive and unreasonable force against JOSE GARIBO by punching and kicking him numerous times, snapping his right humerus, and dragging him through the property.

18.     At the time he was beaten, JOSE GARIBO did not pose a significant or immediate threat of death or serious physical injury to Defendants or to anyone else, as he had surrendered to Defendant Officers. Defendant Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO failed to give any warning to JOSE GARIBO before using force, even though a warning would have been feasible and proper. Rather than intervene to stop the excessive use of force against GARIBO, Sgt. AHMED, the ranking sergeant on scene, actively supervised, ordered, and partook in the beating of JOSE GARIBO.

19.     During Defendant Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO's attack on Plaintiff, JOSE GARIBO, the Defendant Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA,

and JOE LUCERO attempted to conceal their use of excessive force against JOSE GARIBO by throwing their already activated and functioning department issued body-worn cameras to the ground prior to attacking GARIBO.  Furthermore, during the attack on JOSE GARIBO the Defendant Officers, including KEVIN RAMIREZ and IMRAN AHMED, continued in their attempts to conceal their excessive use of force against GARIBO by pushing and kicking away the body-worn cameras they had thrown on the ground which were facing the Defendant Officers during their attack on GARIBO.

20.    After Defendant Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO beat JOSE GARIBO, fracturing his right humerus, Defendant IMRAN AHMED threatened GARIBO with unjustified jail time and criminal prosecution if GARIBO told the truth about how the Defendant officers beat him and broke his right arm.  San Bernardino County Fire personnel responded to the subject residence and treated GARBIO for his injuries.  GARIBO was then transported to Arrowhead Regional Medical Center, where he received further treatment for his injuries.  While at Arrowhead Regional Medical Center, Defendant Sgt. IMRAN AHMED coerced GARIBO into providing a false statement as to how he suffered the injuries to his face, arms, and torso, and how he broke his right arm. GARIBO required surgery to his right arm, including the insertion of hardware to repair his humerus, because of the beating.

21.     At all material times, JOSE GARIBO behaved peacefully.  The use of force, including the snapping of GARIBO's right arm described herein, was not justified or lawful under the circumstances.

22.     Alternatively, or concurrently, Defendants Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO's own excessive and unreasonable actions created a risk of harm to JOSE GARIBO, created the situation in which Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO decided to use force, and caused an escalation of events leading to the injuries sustained by JOSE GARIBO.

23.     Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO's conduct herein, including but not limited to their decision(s) to stop and seize JOSE GARIBO, the manner in which they conducted that stop and seizure, their failure to communicate with Plaintiff GARIBO or other witnesses, their use of force, and their other conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the injuries sustained by JOSE GARIBO.

24.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.  The actions of Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE

LUCERO had no legitimate law enforcement purpose other than to sadistically torture Plaintiff GARIBO.

25.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a.     Broken Right Humerus of JOSE GARIBO.

b.     Bruises, lacerations, and

c.     Hospital and medical expenses;

d.     Violation of constitutional rights;

e.     All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

f.     JOSE GARIBO's conscious pain and suffering, pursuant to federal civil rights law;

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Detention and Arrest (42 USC § 1983)**

(PLAINTIFF AGAINST DEFENDANTS IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO)

26.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here, and by this reference incorporates the same into each cause of action herein.

27.     By the actions and omissions described above, Defendants Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO violated 42 USC §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

> a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;
>
> b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;
>
> c. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;
>
> d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking force as secured by the Fourteenth Amendment;

28.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

29.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraph 25, above.

30.     The conduct of Defendants Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO entitles Plaintiff to punitive

damages and penalties allowable under 42 USC §1983 and Cal. Code of Civil Procedure § 377.20 et seq.

31.    Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988.

### SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom, Practice or Policy (42 USC § 1983)**

(PLAINTIFF AGAINST DEFENDANT CITY OF SAN BERNARDINO)

32.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

33.    The unconstitutional actions and/or omissions of Defendant Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, JOE LUCERO, and DOES 1 through 10, as well as other officers employed by or acting on behalf of Defendant CITY OF SAN BERNARDINO, on information and belief, were pursuant to the following customs, policies, longstanding practices, and/or procedures of the SBPD which constitute the standard operating procedure of the SBPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF SAN BERNARDINO and the SBPD:

        a.    To use or tolerate the use of excessive and/or unjustified force;

        b.    To use or tolerate the use of unlawful deadly force;

c.   To fail to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed and/or medically disabled persons;

d.   To fail to use appropriate and generally accepted law enforcement procedures in handling disabled persons;

e.   To fail to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

f.   To cover-up violations of constitutional rights by any or all of the following:

 i.   by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

 ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

 iii.   by allowing, tolerating, and/or encouraging Sheriff Deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

g.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

h.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

34.    Defendant CITY OF SAN BERNARDINO, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO, DOES 1 through 10, and other SBPD personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

35.    The unconstitutional actions and/or omissions of Defendant Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO, DOES 1 through 10 and other SBPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the SBPD.  Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within CITY OF SAN BERNARDINO and the SBPD, and that such policy makers have direct knowledge of the fact that JOSE GARIBO's beating was not justified, but rather represented an unconstitutional display of unreasonable and excessive force.  Notwithstanding this knowledge, the authorized policy makers within CITY OF SAN BERNARDINO and the SBPD have approved of Defendants Police Officers IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO, DOES 1 through 10 beating of JOSE GARIBO, and have made a deliberate choice to endorse Defendants beating of JOSE GARIBO and the basis for that beating.

36.    As was stated above, Defendant IMRAN was involved in a similar incident roughly six years ago, wherein IMRAN's sergeant and supervisor, Sgt. Schuelke, at the time actively supervised and ordered the unjustified beating and use of excessive force by IMRAN against an individual who ran away from officers but posed no threat to the safety of the officers or the public.  Defendant IMRAN, now a sergeant and supervising officer, acted in the same manner as his past supervisor by actively supervising, ordering, and partaking in the beating of Plaintiff who posed no threat to the officers or the public.  Defendant IMRAN started as a subordinate officer who was ordered to and engaged in the use of excessive force against an individual, to being promoted to sergeant and a supervisor who now orders, supervises, and actively partakes in the use of excessive force against an individual.  By so doing, the authorized policy makers within CITY OF SAN BERNARDINO and the SBPD have shown affirmative agreement with IMRAN's and the other individual defendant officers' actions and have ratified the unconstitutional acts of the individual defendant officers, thus establishing this custom and practice of using excessive force against individuals who run from police, but pose no threat to the safety of the officers or the public, as the standard operating procedure of the San Bernardino Police Department.

37.    The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals,

ratification and toleration of wrongful conduct of Defendants CITY OF SAN

BERNARDINO, were a moving force and/or a proximate cause of the deprivations of

Plaintiff's clearly-established and well-settled constitutional rights in violation of 42

USC §1983, as more fully set forth in Paragraph 27, above.

38.     Defendants subjected Plaintiff to their wrongful conduct, depriving

Plaintiff of rights described herein, knowingly, maliciously, and with conscious and

reckless disregard for whether the rights and safety of Plaintiff and others would be

violated by their acts and/or omissions.

39.     As a direct and proximate result of the unconstitutional actions,

omissions, customs, policies, practices and procedures of Defendants CITY OF SAN

BERNARDINO as described above, Plaintiff sustained serious injuries and is entitled

to damages, penalties, costs and attorney fees as set forth in paragraphs 24, 25, and 27

above, and punitive damages against Defendant Police Officers IMRAN AHMED,

KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO, and DOES 1 through

10 in their individual capacities.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure and Due Process – Excessive Force (42 USC**

**§1983)**

(PLAINTIFF AGAINST DEFENDANTS IMRAN AHMED, KEVIN RAMIREZ,
PAULINA ZAMORA, and JOE LUCERO)

40.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.  Specifically, the use of deadly force was excessive and unreasonable under the circumstances.

41.     Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO's unjustified beating deprived GARIBO of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to GARIBO under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     The unreasonable use of excessive force by Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO deprived GARIBO of his right to be secure in his person against unreasonable searches and seizures as guaranteed to GARIBO under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     As a result, GARIBO suffered extreme pain, mental suffering, embarrassment, and humiliation.  As a result of their conduct, Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO are liable for GARIBO's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

44.     The conduct of Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO was willful, wanton, malicious, and done with reckless disregard for the rights and safety of GARIBO and therefore warrants

the imposition of exemplary and punitive damages as to Defendants IMRAN

AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO.

45.     Plaintiff JOSE GARIBO brings this claim individually and seeks

damages under Federal law for the violation of his rights.  Plaintiff also seeks

attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Supervisory Liability – Failure to Supervise (42 USC §1983)

(PLAINTIFF AGAINST DEFENDANT SGT. IMRAN AHMED)

46.     Plaintiff re-alleges each and every paragraph in this complaint as if fully

set forth here.

47.     By the actions and omissions described above, Defendant IMRAN

AHMED violated 42 USC §1983, depriving Plaintiff of the following clearly

established and well-settled constitutional rights protected by the Fourth and

Fourteenth Amendments to U.S. Constitution:

    a.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.  The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

    d.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking force as secured by the Fourteenth Amendment;

48.     Defendant IMRAN AHMED, as the ranking sergeant on scene and the supervising officer of Defendants ZAMORA, LUCERO, and RAMIREZ, not only failed to intervene to stop his subordinate officers' use of excessive force against Plaintiff but was personally involved in the beating of Plaintiff by striking Plaintiff himself and holding down Plaintiff's legs while the other Defendant officers struck Plaintiff and broke Plaintiff's arm.  By his conduct described herein, Defendant IMRAN AHMED supervised and encouraged Plaintiff's beating at the hands of Defendants ZAMORA, LUCERO, and RAMIREZ.  As the supervising officer, Defendant AHMED could have stopped the Defendant officers' beating of GARIBO but failed to do so.  Defendant AHMED was previously involved in multiple similar incidents and knew that his actions and the actions of his subordinates would cause GARIBO severe injuries and deprive GARIBO of his Fourth Amendment rights. Defendant AHMED also knew that his actions and the actions of his subordinates had no legitimate law enforcement purpose other than to sadistically torture GARIBO. Defendant AHMED knowingly refused to stop the beating of GARIBO perpetrated by Defendants ZAMORA, LUCERO, and RAMIREZ.

49.     As a result, GARIBO suffered extreme pain, mental suffering, embarrassment, and humiliation.  As a result of his conduct, Defendant IMRAN AHMED is liable for GARIBO's injuries because he was an integral participant in the excessive force and because he failed to intervene to prevent these violations as the supervising officer.

50.     The conduct of Defendant IMRAN AHMED was willful, wanton, malicious, and done with reckless disregard for the rights and safety of GARIBO and therefore warrants the imposition of exemplary and punitive damages as to Defendant IMRAN AHMED.

51.     Plaintiff JOSE GARIBO brings this claim individually and seeks damages under Federal law for the violation of his rights.  Plaintiff also seeks attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Violation of California Civil Code §52.1

(PLAINTIFF AGAINST DEFENDANTS AHMED, RAMIREZ, LUCERO, & ZAMORA)

52.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

53.     By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

a.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

c.  The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

d.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

e.  The right to be free from wrongful government interference with familial relationships, and Plaintiff's right to companionship and society, as secured by the First, Fourth and Fourteenth Amendments;

f.  The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

g.  The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

h.  The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable

or excessive deadly force, as secured by the California

Constitution, Article 1, Section 13;

    i.  The right to protection from bodily restraint, harm, or personal

       insult, as secured by Cal. Civil Code § 43.

54.    As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at Paragraphs 24, 25 and 27, and punitive damages against Defendants in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, and civil penalties.

## SIXTH CLAIM FOR RELIEF

### Negligence – Personal Injuries

(PLAINTIFF AGAINST DEFENDANTS AHMED, RAMIREZ, LUCERO, & ZAMORA)

55.    Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

56.    At all times, each Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

57.    At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

58.     These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

     a.    to refrain from using excessive and/or unreasonable force against JOSE GARIBO;

     b.    to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

     c.    to refrain from abusing their authority granted them by law;

     d.    to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

59.     Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants CITY OF SAN BERNARDINO and IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO, and DOES 1 through 10, includes but are not limited to the following specific obligations:

     a.    to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b.    to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's.

c.    to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 29, above.

60.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

61.    As a direct and proximate result of Defendants negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at Paragraphs 24, 25 and 27, and punitive damages against Defendants in their individual capacities.

## SEVENTH CLAIM FOR RELIEF

### Assault and Battery

### (PLAINTIFF AGAINST DEFENDANTS AHMED, RAMIREZ, LUCERO, & ZAMORA)

62.    Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

63.    The actions and omissions of Defendants as set forth above constitute assault and battery.

64.    As a direct and proximate result of Defendants IMRAN AHMED, KEVIN RAMIREZ, PAULINA ZAMORA, and JOE LUCERO, and DOES 6 through

10, assault and battery of JOSE GARIBO, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at Paragraphs 24, 25, and 27, and punitive damages against Defendants in their individual capacities.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant;

4. For Attorney's Fees pursuant to 42 U.S.C § 1988

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

DATED: June 3, 2022            **CURD, GALINDO & SMITH, LLP**

　　　　　　　　　　　　　　*/s/ Alexis Galindo*
　　　　　　　　　　　　　　Alexis Galindo
　　　　　　　　　　　　　　Maximiliano Galindo
　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　JOSE GARIBO

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury.

DATED: June 3, 2022            **CURD, GALINDO & SMITH, LLP**

  _/s/ Alexis Galindo_
Alexis Galindo
Maximiliano Galindo
Attorneys for Plaintiff
JOSE GARIBO